IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24–49–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| MALLORY NEHEMIAH BROWN, | |
| Defendant. | |

Before the Court is Defendant Mallory Nehemiah Brown's motion to withdraw guilty plea. (Doc. 39.) On August 26, 2025, the Court held a hearing on the motion. (Doc. 47.) For the reasons herein, the motion is DENIED.

## BACKGROUND

On September 11, 2024, Defendant was indicted for being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) Defendant filed a motion to change plea (Doc. 20), and on January 28, 2025, Defendant appeared before United States Magistrate Judge Kathleen L. DeSoto for a change of plea hearing (Doc. 24).

At the hearing, Judge DeSoto advised Defendant that as a part of the sentencing analysis, the Court is required to calculate and consider the United States Sentencing Guidelines. (Doc. 42 at 26.) Defendant confirmed that he had

1

discussed the guidelines with his counsel. (*Id.*) Judge DeSoto asked Defendant's counsel if he had estimated what the guideline range might be in this case. (*Id.* at 28.) Judge DeSoto then informed Defendant that "at this stage of the process, the best any attorney can do is estimate what he believes the possible guideline range might be [based] on a number of factors." (*Id.* at 29.) Defendant nodded his head affirmatively. (*Id.*) After extensive discussion, Judge DeSoto asked Defendant how he plead to the Indictment. (*Id.* at 37.) Defendant pled guilty. (*Id.*)

This Court adopted Judge DeSoto's findings and recommendation on Defendant's change of plea and adjudged Defendant guilty of being a prohibited person in possession of a firearm. (Doc. 28.) The Court set sentencing for May 29, 2025. (Doc. 24.)

Before sentencing could occur, but after requesting and being granted new counsel, Defendant filed the instant motion. (Doc. 39.)

## DISCUSSION

Under Federal Rule of Criminal Procedure 11(d)(2)(B), "A defendant may withdraw a plea of guilty or nolo contendere . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when

2

the defendant entered his plea." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). "The fair and just reason standard is generous and meant to be applied liberally." *United States v. Rangel*, 279 F. App'x 433, 433 (9th Cir. 2008). However, "a defendant cannot withdraw his plea for just any 'new' reason." *United States v. Hernandez*, 105 F.4th 1234, 1237 (9th Cir. 2024). Rather, "[t]o withdraw a plea, a defendant must show that (1) the 'new' reason is being offered in good-faith and that he subjectively did not know this reason for his plea withdrawal at the time of the plea, and (2) it was objectively reasonable to have not known about or anticipated this material new reason, either." *Id.*

Here, Defendant provides two reasons to withdraw his plea. First, Defendant asserts that "he had a fundamental misunderstanding of what his guideline sentence could be." (Doc. 40 at 4.) However, the Ninth Circuit has clearly "expressed skepticism at the proposition that a defendant may change his plea solely because he underestimated the severity of the sentence he faced." *United States v. Briggs*, 623 F.3d 724, 728 (9th Cir. 2010). Further, almost six months passed between Defendant's guilty plea and his motion to withdraw plea. (*See* Docs. 24, 39.) Courts routinely construe such delays as a factor that weighs in the Government's favor. *See United States v. Nostratis*, 321 F.3d 1206, 1211 (9th Cir. 2003). Finally, at the change of plea hearing, Judge DeSoto explained that prior to the completion of the presentence investigation report, the best any attorney can do is estimate

what a defendant's guideline will be. (Doc. 42 at 29.) The Defendant nodded affirmatively, indicating that he understood Judge DeSoto's warning. (*Id.*) In consideration of the above, the Court finds that Defendant has not met his burden to withdraw his guilty plea based on his misunderstanding of the guidelines.

Second, Defendant argues that his counsel has contacted witnesses that have offered exculpatory information. (Doc. 40.) At the hearing, Defendant's counsel argued that he just became aware of voicemail recordings that contain exculpatory statements made by Defendant. However, despite Defendant's possession of the voicemail recordings, Defendant did not submit them to the Court as evidence. Interestingly, Defendant did not provide any evidence at the hearing whatsoever. As such, there is no way for the Court to determine whether the recordings are indeed exculpatory, or whether they are, as the Government argued, inculpatory. And of course, Defendant himself made the phone calls that resulted in the recordings. The occurrence of Defendant's phone calls might be new information to Defendant's counsel, but certainly not to Defendant. Defendant has not met his burden on this argument.

## Conclusion

Defendant has not shown a new reason offered in good faith to withdraw his guilty plea. Therefore, Defendant's motion to withdraw his plea must be denied.

Accordingly, IT IS ORDERED that the motion (Doc. 39) is DENIED.

IT IS FURTHER ORDERED that sentencing in this matter is RESET for September 3, 2025 at 1:30 p.m. at the Russell Smith Federal Courthouse in Missoula, Montana.

IT IS FURTHER ORDERED that in light of Defendant's change of counsel, Defendant may file an optional supplemental sentencing memorandum on or before September 2, 2025.

DATED this 27th day of August, 2025.

_____
Dana L. Christensen, District Judge
United States District Court